IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CORARINA MARTIN                                                                                     PLAINTIFF

vs.                                          Civil No. 4:14-cv-04164

CAROLYN W. COLVIN                                                                                 DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Corarina Martin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff filed her disability application on March 9, 2012. (Tr. 67). In her application, Plaintiff alleges being disabled due to foot problems, vision problems, high blood pressure, shoulder problems, high cholesterol, and fluid retention. (Tr. 156). This application was denied initially and again upon reconsideration. (Tr. 97-98).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 80-96). Plaintiff's administrative hearing was held on June 28, 2013 in

Texarkana, Arkansas. (Tr. 117). At this hearing, Plaintiff was present and was represented by Stanley W. Brummal. *Id.* Plaintiff and Vocational Expert ("VE") Rekeetha Parker testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty-four (54) years old, which is classified as an "individual closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). (Tr. 84). As for her education, Plaintiff testified she had only completed the ninth grade in school and had no additional education beyond that. (Tr. 86).

On July 26, 2013, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 64-75). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on June 30, 2013. (Tr. 69, Finding 1). The ALJ determined Plaintiff did not engage in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of December 12, 2010 through her date last insured of June 30, 2013. (Tr. 69, Finding 2). The ALJ determined that, through the date last insured, Plaintiff had the following severe impairments: history of plantar fasciitis status post-surgery bilaterally and mild obesity. (Tr. 69-70, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 70, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 70-74, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the "full range" of "light work." *Id.* "Light work" is defined as follows:

> (a) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some

2

> pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2015).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 74, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 75, Finding 10). To make this determination, the ALJ applied the Medical-Vocational Guidelines or "The Grids." *Id.* Pursuant to Rule 202.11 and Rule 202.12 of the Grids, an individual who retains the capacity for light work, is closely approaching advanced age, and has a limited education is considered "Not Disabled." *Id.* Based upon this finding, the ALJ determined Plaintiff was not disabled–and had not been disabled– at any time from December 12, 2010 (her alleged onset date) through June 30, 2013 (her date last insured). (Tr. 75, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. On November 6, 2014, the Appeals Council denied this request for review. (Tr. 1-4). On December 30, 2014, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 15-16. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following five arguments for reversal: (1) the ALJ erred in failing to properly consider her age under the Grids; (2) the ALJ erred by failing to consider all of her severe impairments; (3) the ALJ erred by failing to properly consider the findings of her treating physician; (4) the ALJ erred in assessing her RFC; and (5) the ALJ erred by failing to properly consider her RFC and "vocational factors." ECF No. 15 at 1-21. Upon review, the Court finds the ALJ improperly considered her age when evaluating whether she was disabled under the Grids. Thus, the Court will only address Plaintiff's first argument for reversal.

The Medical-Vocational Guidelines or "the Grids" are used to evaluate the claimant's age, education, past work experience, and RFC in order to determine whether that claimant is disabled. The Grids, however, cannot be mechanically applied in all cases. *See Asher v. Bowen,* 837 F.2d 825, 827-28 (8th Cir. 1988). If a claimant suffers from a "significant" nonexertional impairment that diminishes that claimant's ability to perform a full range of work (sedentary or otherwise), then the ALJ may not rely upon the Grids. *See Sanders v. Sullivan,* 983 F.2d 822, 823-24 (8th Cir. 1992). Instead, the ALJ must rely upon the testimony of a vocational expert or other similar evidence to

5

determine whether the claimant is disabled. *See id.*

Further, there are special rules for a situation where the claimant qualifies under one age category (*e.g.,* "younger person" or "person closely approaching advanced age") but is *close* to qualifying under an older age category. Such a situation is a "borderline" age situation. *See* 20 C.F.R. § 404.1563(b). In such a "borderline" situation, a claimant must be "within a few days to a few months of reaching an older age category." *Id.* Further, in such a situation, an ALJ cannot "apply the age categories mechanically" but must "consider whether to use the older age category after evaluating the overall impact of all the factors of . . . [the] case." *Id.*

In the present action, Plaintiff was fifty-four (54) years old on her date last insured. (Tr. 74, Finding 7). Her date last insured was June 30, 2013 while her date of birth was September 5, 1958. (Tr. 8; 69, Finding 1). Therefore, on her date last insured, Plaintiff was slightly over two months from turning fifty-five (55) years old. At fifty-five years old, Plaintiff would qualify as a person of "advanced age." *See* 20 C.F.R. § 404.1563(e). As a person of advanced age with all of Plaintiff's other vocational factors (education, RFC, etc.), Plaintiff would qualify as "disabled" under Rule 202.02 of the Grids.[1] In his opinion, the ALJ did not consider this possibility or the fact Plaintiff's age might be considered as "borderline." (Tr. 75). Because this issue directs the outcome of this case and because the ALJ did not even consider this issue even though the ALJ is required to consider all such "borderline" situations under 20 C.F.R. § 404.1563(b), this case must be reversed and remanded.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

---

[1] This is assuming Plaintiff's vocational skills are *not transferrable.* The ALJ did not making a finding on this issue.

to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this 27th day of October 2015.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE